# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

FRANK COSTELON,

        Petitioner,

vs.                                                       No. CV 16-01327 JCH/SCY

STATE OF NEW MEXICO,

        Respondent.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court under Rule 4 of the Rules Governing Section 2254 Proceedings on the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody filed by Frank Costelon on December 5, 2016 ("Petition") (Doc. 1). The Court will dismiss the Petition for lack of jurisdiction because Petitioner Costelon is not in state custody pursuant to a judgment of a state court and on the grounds that the Petition is barred by the statute of limitations of 28 U.S.C. § 2244(d)(1).

Costelon is currently incarcerated at the United States Penitentiary, Leavenworth, Kansas, on a federal conviction and sentence entered against him in the United States District Court for the Western District of Texas. *See United States of America v. Frank Emmanuel Costelon,* No. CR 11-01895. In this proceeding, he does not seek to challenge his federal conviction or sentence. Instead, he seeks to collaterally attack a 2003 conviction by the New Mexico state courts. (Doc. 1 at 1).

On February 13, 2003, Costelon was indicted by a New Mexico Grand Jury on charges of distribution of marijuana. Costelon was convicted pursuant to a guilty plea and Judgment was entered on July 28, 2003. Costelon was sentenced to three years of imprisonment, followed by two years of parole. *See State of New Mexico v. Frank Emanuel Costelon,* State of New

Mexico, County of Dona Ana, Third Judicial District case no. D-307-CR-2003-00126. The Court takes judicial notice of the records in case no. D-307-CR-2003-00126. *United States v. Ahidley,* 486 F.3d 1184, 1192 n. 5 (10th Cir.2007) (The Court may take judicial notice of publicly filed records in this court and other courts concerning matters that bear directly upon the disposition of the case at hand); *Shoulders v. Dinwiddie,* 2006 WL 2792671 (W.D.Okla.2006) (court may take judicial notice of state court records available on the world wide web including docket sheets in district courts).

Almost ten years after entry of the judgment in case no. D-307-CR-2003-00126, Costelon filed a Petition for Writ of *Coram Nobis* to Set Aside Judgment of Conviction Pursuant to Rule 1-060(B) N.M.R.A. The Petition was summarily dismissed by the State District Judge on February 18, 2013 based on waiver of collateral review by Costelon's entry of a guilty plea. On February 7, 2014, the New Mexico Court of Appeals reversed the summary dismissal and remanded the matter to the District Court for consideration of the *Coram Nobis* Petition on the merits. *See* D-307-CR-2003-00126. The District Court then substantively reviewed and dismissed the Petition on its merits. Costelon appealed the ruling to the New Mexico Court of Appeals, which affirmed the District Court's dismissal on September 29, 2015. (Doc. 2-2 at 2-7). Costelon filed a request for rehearing, which the Court of Appeals granted before issuing a substituted decision of affirmance on November 4, 2015. *See* D-307-CR-2003-00126. The New Mexico Supreme Court denied Costelon's Petition for Writ of Certiorari on January 6, 2016. (Doc. 2-3 at 2-3). Costelon then filed his § 2254 Petition in this Court on December 5, 2016. (Doc. 1).

**I. Costelon is Not In Custody Pursuant to a State Judgment:** Section 2254(a) requires a petitioner to be "in custody pursuant to the judgment of a State court ... in violation of

the Constitution or laws or treaties of the United States." The in-custody requirement of § 2254(a) is jurisdictional. *Mays v. Dinwiddie,* 580 F.3d 1136, 1139 (10th Cir.2009). A petitioner must satisfy the custody requirement at the time the habeas petition is filed. *Spencer v. Kemna,* 523 U.S. 1, 7 (1998).

A prisoner need not, however, show actual, physical custody to obtain relief. *Maleng v. Cook,* 490 U.S. 488, 491 (1989) (per curiam). Habeas corpus relief under § 2254 is available for prisoners released on parole or personal recognizance. *Jones v. Cunningham,* 371 U.S. 236, 242–43 (1963) (parole); *Hensley v. Municipal Court,* 411 U.S. 345, 346 (1973) (personal recognizance). Such relief is also available to prisoners serving consecutive sentences, aliens seeking entry into the United States, and persons "questioning the legality of an induction or enlistment into the military service." *Garlotte v. Fordice,* 515 U.S. 39, 46–47 (1995); *Duncan v. Walker,* 533 U.S. 167, 176 (2001); *Jones,* 371 U.S. at 240 & n. 9, 11.

The writ of habeas corpus is available in situations where a state-court criminal conviction has subjected the petitioner to "severe restraints on [his or her] individual liberty." *Hensley,* 411 U.S. at 351. A restraint is severe when it is "not shared by the public generally." *Jones,* 371 U.S. at 240. But the remedy of a writ of habeas corpus is not "generally available ... for every violation of federal rights." *Lehman v. Lycoming Cnty. Children's Servs. Agency,* 458 U.S. 502, 510 (1982). "Thus, the collateral consequences of a conviction, those consequences with negligible effects on a petitioner's physical liberty of movement, are insufficient to satisfy the custody requirement." *Virsnieks v. Smith,* 521 F.3d 707, 718 (7th Cir.2008) (collecting cases). Effects, such as the payment of restitution or a fine, inability to vote, hold public office, or serve as a juror, are not the sort of significant restraint on liberty contemplated in the custody requirement of the federal habeas statutes. *Erlandson v. Northglenn Mun. Court,* 528 F.3d 785,

788 (10th Cir.2008); *Maleng,* 490 U.S. at 491–92; *Williamson v. Gregoire,* 151 F.3d 1180, 1183 (9th Cir.1998); *Calhoun v. Attorney Gen. of Colorado*, 745 F.3d 1070, 1073–74 (10th Cir. 2014).

Costelon has completed his sentence in D-307-CR-2003-00126 and is no longer incarcerated or on probation for the conviction in that case. Nor does Costelon allege any other ongoing restraint on his liberty as a consequence of the conviction. Costelon is not "in custody pursuant to the judgment of a State court" as required by 28 U.S.C. § 2254. As a result, this Court lacks jurisdiction and will dismiss Costelon's Petition. *Mays v. Dinwiddie,* 580 F.3d at 1139.

**II. <u>Costelon's Claims are Barred by the Statute of Limitations:</u>** Even if Costelon is in custody for purposes of § 2254, his Petition is subject to dismissal because it was not filed within the one-year statute of limitations governing § 2254 proceedings. Petitions for a writ of habeas corpus by a person in state custody are governed by a one-year statute of limitations. 28 U.S.C. § 2244(d). Section 2244(d)(1) states:

> "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

28 U.S.C. § 2244(d)(1).

As grounds for his Petition, Costelon alleges that the strip search that led to his conviction was unconstitutional. (Doc. 1 at 3). Because the grounds asserted by Petitioner

Costelon were available to him from the time Judgment was entered on his criminal conviction, the limitation period of § 2244(d)(1)(A) is the applicable period in this case. The 1-year period governing Costelon's § 2254 claims, then, began to run on August 27, 2003, thirty days after the entry of Judgment on his conviction. *Harris v. Dinwiddie,* 642 F.3d at 906 n. 6.

Section 2244(d) further provides:

> "The time during which a properly filed application for State post-conviction
> Or other collateral review with respect to the pertinent judgment or claim is
> Pending shall not be counted toward any period of limitation under this
> Subsection."

28 U.S.C. § 2244(d)(2). The 1-year statute of limitations for filing a § 2254 petition under the Anti-Terrorism and Effective Death Penalty Act runs from the time the conviction becomes final and is subject to statutory tolling. *See* 28 U.S.C. § 2244(d). This one-year statute of limitations is tolled while "a properly filed application for [s]tate post-conviction" relief is "pending." *See id.* § 2244(d)(2). The 1-year statute of limitations clock begins to run again when the proceedings on the state habeas corpus petition are finally concluded. *Holland v. Florida,* 560 U.S. 631, 638 (2010) (state habeas corpus proceedings were concluded and statute of limitations clock began to tick when the State Supreme Court issued its mandate). A § 2254 petition filed after the 1-year period has expired is time-barred. 28 U.S.C. § 2244(d).

In this case, the Judgment on Costelon's State criminal conviction became final on August 27, 2003, the deadline for Costelon to file a direct appeal. The one-year statute of limitations for him to file a § 2254 proceeding ran on August 27, 2004. Because the one-year time period had already expired in August, 2004, the filing of his *Coram Nobis*/Rule 1-060(B) Motion in 2013 did not serve to statutorily toll the running of the limitations period. 28 U.S.C. § 2244(d)(2). *See Clark v. Oklahoma,* 468 F.3d 711, 714 (10th Cir. 2006). Therefore, absent equitable tolling, Costelon's § 2254 claims are barred by the § 2244(d) statute of limitations.

Equitable tolling is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control. *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000); *Burger v. Scott,* 317 F.3d 1133, 1141 (10th Cir. 2003). Ignorance of the law, ignorance of the limitation period, and inability to obtain legal assistance do not excuse the failure to file within the statutory time period. *See Miller v. Marr*, 141 F.3d 976, 977-78 (10th Cir. 1998); *Sanders v. Mahaffey,* No. 00-6101, 2000 WL 1730893, at *2 (10th Cir. Nov. 22, 2000); *Washington v. United States,* No. 99-3383, 2000 WL 985885, at *2 (10th Cir. July 18, 2000).

Costelon contends that his Petition is timely because it was filed within one year after the New Mexico Supreme Court's denial of certiorari on his Rule 1-060(B) motion. (Doc. 1 at 14). The § 2244(d) statute of limitations had expired long before Costelon even filed his Rule 1-060(B) motion and the filing of the 1-060(B) motion did not serve to statutorily toll the running of the statute of limitations. 28 U.S.C. § 2244(d)(2). Costelon does not give any reason why he did not file his State collateral challenge to his conviction until after the statute of limitations had run and after he was released from custody upon completion of his sentence. Costelon's decision to wait almost ten years to file his State post-conviction Rule 1-060(B) challenge does not constitute an extraordinary circumstance beyond his control that would entitle him to equitable tolling of the 1-year limitation period. *Marsh,* 223 F.3d at 1220.

Dismissal of a § 2254 habeas corpus petition on the grounds that it is time-barred properly proceeds under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Aguilera v. Kirkpatrick,* 241 F.3d 1286, 1290 (10th Cir. 2001). Petitioner Costelon's Petition was filed over eight years after the expiration of the 1-year statute of limitations. No statutory or equitable basis exists for tolling of the statute of limitations. Therefore, even if Costelon is still "in

custody" for purposes of § 2254, his claims Costelon's claims under 28 U.S.C. § 2254 are barred by the statute of limitations of § 2244(d). Costelon's Petition fails to state a claim on which relief can be granted and must be dismissed under 28 U.S.C. § 2244(d) and Fed. R. Civ. P. 12(b)(6).

Under rule 11 of the Rules Governing Section 2254 Cases, the Court determines that Petitioner has failed to make a substantial showing of denial of a constitutional right. The Court will also deny a certificate of appealability. 28 U.S.C. § 2253(c).

**IT IS ORDERED** that the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1) is **DISMISSED** for lack of jurisdiction or, alternatively, on the grounds that it is barred by the 1-year statute of limitations in 28 U.S.C. § 2244(d) and a certificate of appealability is **DENIED**.

_____
UNITED STATES DISTRICT JUDGE